STANLEY v. MORSE AND MORSE.

1. Evidence: HUSBAND AND WIFE. *Semble*, that a party cannot, under the statute, call as a witness the husband or wife (as the case may be) of the adverse party, against the objection of the latter.

2. Will: ATTESTATION OF FOREIGN WILL: RES ADJUDICATA. The sufficiency of the attestation of a foreign will by the judge of the probate court where the same was proven, without being authenticated by the certificate of the clerk, cannot be collaterally called in question after

the county judge of a county in this State has, under the provisions of the statute, allowed and recorded the will and passed upon the sufficiency of the authentication.

3. Limitation, statute of: FRAUD: TRUST. An action in equity to compel the conveyance of land purchased for and with the means of the plaintiff is an action for the recovery of real property and not "for relief on the ground of fraud in cases heretofore solely cognizable in a court of equity," as prescribed by subdivision 3, § 2740, and is not barred until after the expiration of ten years.

*Appeal from Delaware District Court.*

FRIDAY, JANUARY 29.

ACTION in equity to compel the conveyance by defendant Rachel A. Morse of a certain forty acres of land purchased by defendants for, and the consideration of which was paid with the property of, the plaintiff and her husband. Plaintiff's husband is now deceased, and she claims to be his sole devisee. Defense, in denial, and the statute of limitations. There was a trial by the first method, and judgment for plaintiff. The defendants appeal.

*John M. Brayton* for the appellants.

*A. Wellman* for the appellee.

COLE, J. — I. The plaintiff took the deposition of the defendant John Morse, who is the husband of the defend-

1. EVIDENCE: husband and wife.

ant Rachel, and by him proved, very conclusively, her whole case, as stated in her petition, except as to the devise. The defendant Rachel A. Morse, who holds the legal title to the land in controversy, objected, in the District Court, to the admission of this testimony of her husband against her. The District Court sustained the objection, and excluded it,

relying on Revision, section 3983; *Russ* v. *Steamboat War Eagle*, 14 Iowa, 364; *Sylvester* v. *Fleming*, 19 id. 567; *Blake* v. *Graves*, 18 id. 312. There was no exception to this ruling; nor need we now pass directly upon its correctness, since in our view, there is sufficient evidence, aside from the testimony of John Morse, to both justify and require the judgment for plaintiff, as rendered by the District Court.

II. The plaintiff also offered in evidence a copy of the will of Joshua M. Stanley, in order to show the devise of the property in controversy, to her. An-nexed to said copy of the will was the follow-ing order of probate, to wit: " State of Iowa, Delaware county, *ss.*: I, J. B. Boggs, county judge of said county, hereby certify that the instrument of which the annexed is a copy, has this day been allowed in the County Court of said county, as the last will and testa-ment of Joshua M. Stanley, the testator therein named, now deceased, and was ordered to be recorded as such. Witness my hand and official seal, this 6th day of May, 1867. J. B. Boggs, County Judge." The copy of the will annexed to said certificate, had also appended to it a copy of the proofs and probate of the will, in Cuyahoga county, Ohio, and also the following certificate or authentication, to wit: " The State of Ohio, Cuyahoga county, *ss.*: I hereby certify that the foregoing is a full and true copy of and from the whole of the original record of the last will and testament of Joshua M. Stan-ley, and the probate thereof, now on file and of record in the office of the probate court of said county, I having examined and compared the foregoing with the original record of said will, and the probate thereof. Witness my hand and seal of said court, at Cleveland, this 13th day of April, 1867. DANIEL R. TILDEN, Probate Judge." It was admitted that this authentication was all the evidence

on which the said will was allowed and recorded in the County Court of Delaware county.

The defendant objected to the introduction of the said evidence, because said County Court had no jurisdiction to allow or record said will in the absence of the certificate of the clerk of the probate court, or a showing that there was none, and in the absence of a certificate that the attestation was in due form of law. Our statute provides (Rev. § 2328 [1296]) : " Wills proved and allowed in any other State or county shall be allowed and recorded in any county in this State in which it may be desired to use them, upon the production of a copy thereof to the proper County Court, duly authenticated by the proper attestation of the clerk of the court in which such will was proved, together with the certificate of the judge or presiding officer that such attestation is in due form of law. If there be no clerk, such attestation may be made by the judge or presiding officer, and in all cases if the clerk or officer making such attestation have a seal of office, such seal shall be annexed to the attestation." Section 2329 (1297). " Wills shall not be carried into effect unless thus allowed, and such allowance is conclusive as to the due execution of the will, unless set aside by an original or appellate proceeding in the District Court."

Without determining whether the authentication of the copy as presented to the County Court was a full or substantial compliance with section 2328, *supra*, we are clear, beyond a doubt, that even if it were not, such fact would not defeat the jurisdiction of the County Court; and further, that the County Court having passed upon and adjudicated the sufficiency of the authentication and allowed and recorded the will, such adjudication cannot be collaterally questioned, either at common law or under section 2329, *supra*, when such will is offered in evidence.

There was no error, therefore, in overruling the objections, and admitting the will.

III. The defendants also rely upon the statute of limitations, and claim that this case falls within subdivision 3 of section 2740, which provides that actions "for relief on the ground of fraud in cases heretofore solely cognizable in a court of equity, shall be brought within five years," rather than within subdivision 4 of the same section, which provides that actions "for the recovery of real property" shall be brought within ten years. We do not think that the case falls within subdivision 3, and the case is clearly not, by the proof, brought within the limitation provided by subdivision 4 of section 2740, which gives ten years in which to bring the action.

*3. Limitation, statute of: fraud; trust.*

Affirmed.