Elizabeth Tilton, Appellee, v. John Bader et al.,
Appellants.

LIMITATION OF ACTIONS:　Real Property—Recovery—Fraud—
1 Five- or Ten-Year Period.　An action to quiet title against a
*fraudulent* deed is essentially an action "to *recover* real prop-
erty," even though the prayer is silent as to possession, and is
not barred until the lapse of ten years after plaintiff has legal
notice of such deed.

LIMITATION OF ACTIONS:　Computation of Period—Object of ,
2 Action Contrasted With Evidence to Support Action.　Whether
an action is one brought "to recover real property," and there-
fore barred in ten years, or one "for relief on the ground of
fraud," etc., and therefore barred in five years, depends on the
*object and purposes* of the action, and not on the *kind or char-
acter* of the evidence adduced.

PLEADING:　Prayer—Action to Quiet Title—Prayer For Posses-·

3  sion—Limitation of Actions  A prayer for *possession* is not necessary, in an action to quiet title, in order to render such action one "to recover real property," within the meaning of the statute of limitation.

*Appeal from Cherokee District Court.*—WILLIAM

HUTCHINSON, Judge.

THURSDAY, OCTOBER 25, 1917.

THE plaintiff is the sister of defendants, John, Henry William and Louis Bader. She alleged in her petition, filed June 29, 1916, that she acquired the two lots in controversy by deed from her mother, Amelia Bader, March 28, 1908, the same being recorded April 29, 1910; that said Amelia departed this life in April, 1910; and that said defendants claim some interest in the lots. She prayed that her title be quieted. The defendants interposed a general denial, and adopted the allegations of the petition of intervention. Therein Minnie H. Bader, wife of Louis Bader, alleged that said Amelia died as above stated, seized of the said lots, leaving plaintiff and defendants as her heirs; that her estate has been fully settled; that, about the year 1894, deceased came into possession of $1,600 as her dower interest in land in Cherokee County, partitioned among her children; that the court ordered her share of the proceeds derived from the sale of the land to be retained by the clerk of court, and that $500 thereof be invested in the lots in controversy as a home for said Amelia; and thereafter, in 1894, Daniel Melter was appointed guardian of her person and property; that from that time until her death she was feeble, infirm and old, and incapable of caring for her estate or making contracts; that, in March, 1908, her personal property had been used up in her care, and the guardian made his final report and was duly discharged, whereupon Amelia Bader went to the home of plaintiff in Minnesota; that, about March 28, 1908, plaintiff, knowing the weak and infirm mental condition of the said Amelia Bader, and that the

said Amelia Bader was of weak and unsound mind, and not capable of contracting with reference to her property rights, fraudulently, and with the intent to then and there cheat, wrong and defraud the said Amelia Bader out of her real estate, and for the purpose of cheating, wronging and defrauding the defendants herein out of any estate which the said Amelia Bader might leave in case of her death, procured from the said Amelia Bader the deed referred to in plaintiff's petition, copy thereof being attached thereto; that intervener cared for, boarded and nursed said Amelia many years, and had an account for so doing greatly in excess of the value of said lots; that she did not file her claim against the estate for the reason that all the defendants herein named have orally agreed to deed to this intervener all their right, title and interest in and to said real estate herein described, and have deeded their interest in said property to the intervener herein, in payment for her services for so caring for the said Amelia Bader during her lifetime.

Intervener further alleged that plaintiff fraudulently kept from the records, until Amelia Bader was dead, the deed she had procured by fraud, and that this intervener is the absolute and unqualified owner of a four-fifths interest in said lots, and plaintiff, of one fifth; and she prays that the petition be dismissed, that the deed of deceased to plaintiff be cancelled and decreed to be of no force or effect, and that plaintiff and intervener be decreed to be the owners of the respective parts of the lots as stated. The deed recited a consideration of one dollar, relationship and affection, and "other valuable consideration," as the consideration for its execution. By way of amendment, intervener alleged that Henry Bader had been in occupancy of the lots long prior to and ever since the death of Amelia Bader, under color of right and claim of ownership in the same in the parties of this action, as above alleged, said occupancy

and claim having been "acquiesced in by all the parties hereto," and having "been adverse to the claims of right and title therein in the plaintiff herein." Another paragraph alleged adverse possession as to plaintiff, without fixing the time. To the petition of intervention, plaintiff demurred on three grounds:

"1. The allegations of the petition do not entitle the plaintiff to the relief demanded, or to any relief whatever.

"2. The petition shows upon its face that the intervener's cause of action, as therein set forth, is barred by the statute of limitations.

"3. That the relief demanded is based upon the claim of fraud in procuring and filing the deed for record, and the petition shows upon its face that said deed was procured and filed for record, and notice thereof given by filing for record on the 29th day of April, 1910, more than five years before the commencement of this action, and that therefore any claim on the part of the intervener or any other person that the said deed is fraudulent is now barred by the statute of limitations of the state of Iowa."

This demurrer was sustained and, as the intervener declined to plead further, decree was entered quieting title in plaintiff. The defendants and intervener appeal.—*Reversed.*

*C. M. Smith,* for appellants.

*Molyneux & Maher,* for appellee.

LADD, J.—The sole issue is whether the cause of action pleaded in the petition of intervention is barred by the statute of limitations. Amelia Bader signed a deed, conveying the lots in controversy, March 28, 1908, and it was duly recorded April 29, 1910, she having died on the 17th of that month. The petition of intervention discloses that, but for the execution of

1. LIMITATION OF ACTIONS: real property: recovery: fraud: five-or ten-year period.

such deed, the intervener would have been owner of an un-
divided four fifths of said lots. To defeat the deed, interven-
er further alleges: (1) That at the time said deed was made,
the grantor was feeble-minded and incapable of executing
said deed, and the grantee so knew; (2) that the deed was
procured by fraud; and (3) that there was no consideration.
The prayer is that it be set aside and cancelled, and that in-
tervener be decreed owner of an undivided four fifths and
plaintiff an undivided one fifth of said lots. Suit was begun
June 29, 1916, and the petition of intervention filed Sep-
tember 5th following; so that more than 5 years had elapsed
since the filing of the deed for record, and less than 10
years.

"Actions may be brought within the times herein lim-
ited, respectively, after their causes accrue, and not after-
wards, except when otherwise specially declared: * * *

"6. Those founded on written contracts, those
brought for injuries to property, or for relief on the ground
of fraud in cases heretofore solely cognizable in a court of
chancery, and all other actions not otherwise provided for
in this respect, within five years;

. "7. Those founded on written contracts, or on judg-
ments of any courts except those provided for in the next
subdivision, and those brought for the recovery of real prop-
erty, within ten years;" Section 3447, Code, 1897.

The trial court sustained a demurrer to the petition of
intervention on the ground that intervener's action brought
for relief on the ground of fraud was barred; and unless
the action is for the recovery of real property, the ruling
must be approved. Had the deed been filed for record prior
to the grantor's death, all parties must have been held to
have then been informed of its execution. *Bishop v.
Knowles*, 53 Iowa 268; *Laird v. Kilbourne*, 70 Iowa 83;
*McDonald v. Bayard Savings Bank*, 123 Iowa 413.

Whether knowledge thereof is to be inferred from the

recording after death, is a somewhat different question, and need not now be considered; for, conceding that all parties connected with the case were aware of the making of the deed the day it was signed, more than five and less than ten years had elapsed when the action was begun.

2. Limitation of actions: computation of period: object of action contrasted with evidence to support action.

The sole issue, then, is one at law, and exacts a decision as to whether the action is one brought to recover real property, or for relief on the ground of fraud in a case heretofore solely cognizable in a court of chancery. This depends on the nature of the cause of action, and is to be determined rather from the object and purpose of the suit than from the kind or character of the evidence adduced. Mere forms of action have been abolished, so that the mere phraseology of the pleading is not often controlling, and yet for some purposes causes of action are distinguished as formerly. Legal and equitable remedies may be brought in the same case where they relate to the same subject matter. It is the policy of the law, in equitable actions, to allow a litigant to obtain all the relief to which he may be entitled, although such relief may be of the kind that would require several suits under the strict rules relating to the forms of common-law actions. The owner of an equitable title is the owner of the property, and may maintain an action not only to establish his equitable right, but in the same suit obtain a writ letting him in possession (*Lees v. Wetmore*, 58 Iowa 170) ; or obtain the partition of the realty; or have a mistake in the deed corrected, and have the decree entered that he is owner and entitled to the possession of the property. The mere fact that a litigant alleges and must prove fraud in order to establish his title, does not render the action other than one for the recovery of real property. The gravamen of the cause of action in such a case is that the complainant claims the property and prays that his title thereto be

established in him, and the allegation and evidence of fraud are merely incidental to the relief granted.

In *Murphy v. Crowley*, (Cal.) 73 Pac. 820, the court, after reviewing the decisions of that state, concluded that:

"It seems to be established, therefore, by these cases, that, although the main ground of action is fraud or mistake whereby the defendant has obtained the legal title to the land in controversy, and the chief contention between the parties is with respect to the fraud or mistake alleged, yet, if the plaintiff alleges facts which show, as matter of law, that he is entitled to possession of the property, and a part of the relief asked is that he be let into possession, or that his title to the land be quieted, the action is in reality for the recovery of real property, and is not barred except by the five-year limitation contained in Section 318. The same rule has been followed in the states of Iowa, Kansas, Missouri, and Texas. *Williams v. Allison,* 33 Iowa 278; * * * *Dunn v. Miller,* 96 Mo. 338 (9 S. W. 640) ; *Shepard v. Heirs of Cummings,* 44 Tex. 502." See, also, *Goodnow v. Parker,* (Calif.) 44 Pac. 738.

It appears from the last case cited, and *Dunn v. Miller,* (Mo.) 9 S. W. 640, that the statutes of California and Missouri fix the period of limitation "for the recovery of real estate or for possession thereof," and in the last case it is said that the nature of the cause of action is to be determined rather from the object and purpose of the suit than from the character of the evidence which is necessary to maintain it, and in this respect the decision is like that of the California court from which we have quoted.

*Names v. Names,* (Neb.) 67 N. W. 751, is in harmony with these decisions, and sustains the principle laid down in 25 Cyc. 1026, that:

"In those cases where the main ground of action is fraud or mistake, whereby defendant has attained the legal title to the land in controversy, and the chief con-

tention between the parties is with respect to the fraud or mistake alleged, yet if plaintiff alleges facts which show, as matter of law, that he is entitled to the possession of the property, and a part of the relief asked is that he be let into possession, or that his title to the land be quieted, the action is in reality for the recovery of real property, and is not barred except by the statutory limitation barring such actions."

See also *Washington v. Norwood*, (Ala.) 30 So. 405.

The earlier cases in this state appear to have so held. In *Stanley v. Morse*, 26 Iowa 454, the suit was to compel a conveyance by the defendant, who had taken title in his own name for 40 acres of land paid for by plaintiff and her husband, and the court ruled that the action was for the recovery of real property.

In *Williams v. Allison*, 33 Iowa 278, the relief sought was that a sheriff's deed be set aside, and that title in certain lots be quieted in plaintiff, and the court held that the suit, "in effect and directly, is an action for the recovery of real property," though fraud was alleged to have been perpetrated, the right to set the sheriff's deed aside being "one of the matters to be established in order to maintain plaintiff's right to recover." This decision was followed in *Empire Real Estate & Mortgage Co. v. Beechley*, 137 Iowa 7; and *Baker v. Baker*, 169 Iowa 473, is in harmony therewith. See also *Dwight v. City of Des Moines*, 174 Iowa 178.

In *Burch v. Nicholson*, 157 Iowa 502, it seems to have been thought that the ground for relief, rather than the object and purpose of the action, was controlling. As the court had already held that there was no constructive trust, the observations with reference to the statute of limitations may well be disregarded as inconsistent with the interpretation of the paragraphs of the statute quoted. If the purpose and object of the action is the recovery of real property, it is entirely immaterial on what ground the relief is

sought. If other relief with respect to realty on the ground of fraud heretofore solely cognizable in a chancery court were sought, Paragraph 6 of Section 3447 undoubtedly would be applicable. But the petition of intervention did not rest on the allegation of fraud alone. Therein the deed was alleged to have been made when the grantor was incapable of transacting business of which the grantee was aware, and that there was no consideration, and therefore relief was sought on a ground other than fraud; and *Burch v. Nicholson*, supra, could not have been responsible for the ruling.

**3. PLEADING: prayer: action to quiet title: prayer for possession: limitation of actions.** It is suggested that, inasmuch as possession of real property was not prayed, this was not for its recovery. The word "recovery," in common parlance, signifies the regaining that which has been lost or missing or taken away; but in a legal sense it means no more than obtaining by course of law or judicial proceedings. *Hoover v. Clark's Admr.*, 7 N. C. 169; *Friend v. Oggshaw*, 3 Wyo. 60 (31 Pac. 1047); *Monterey County v. Cushing*, 83 Cal. 507 (23 Pac. 700). As observed in the last case cited, the word "recovery," as found in the statute quoted, does not imply that the party instituting the action had previously owned the land or been in possession thereof. In this state, possession is not essential to the bringing of an action to quiet title or to obtain other equitable relief. Possession is incident to ownership and, in the absence of evidence, is presumed to be in the owner. If, then, the right to or title in land in controversy be adjudicated in favor of a litigant, he may be said to have recovered said land, even though a writ of possession be not issued. It is the right thereto which is ascertained and decreed, and that definitely determines who shall have possession. Neither the intervener nor plaintiff was in possession, but the latter prayed that she be decreed to be the absolute owner of the lots; and, on the other hand,

intervener asked that the deed to plaintiff be set aside, and she be adjudged the owner of an undivided four fifths, and the plaintiff, one fifth. Each sought to obtain an adjudication declaring her to have title to and, therefore, ownership of the lots, or part thereof, and, in that way, sought to recover real property.

Our conclusion is that, while more might have been sought in the respective pleadings, enough was alleged to constitute the suit one "brought for the recovery of real property." In other words, such recovery is had whenever the right to or title in or possession of the realty in controversy is adjudicated in favor of a litigant, and the test to be applied in determining whether an action is brought for that purpose lies in ascertaining whether relief as above described is sought in the petition. It follows that the trial court erred in sustaining the demurrer to the petition of intervention.—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.