**IN THE SUPREME COURT OF IOWA**

No. 135 / 04-0525

Filed May 5, 2006

**HALLETT CONSTRUCTION COMPANY,**

Appellee,

vs.

**FRANCIS A. MEISTER, IRENE M. MEISTER, MICHAEL F. MEISTER, AND THOMAS J. MEISTER**,

Appellants.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Sac County, Gary L. McMinimee, Judge.

Mining company holding sand and gravel rights in property seeks further review of court of appeals decision reversing district court's summary judgment ruling holding property owners' claims were time barred. **DECISION OF COURT OF APPEALS VACATED. DISTRICT COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED.**

Thaddeus Cosgrove of Cosgrove Law Firm, Holstein, and Joseph J. Heidenreich of Dresselhuis & Heidenreich, Odebolt, for appellants.

David P. Jennett, Storm Lake, for appellee.

**TERNUS, Justice.**

This case involves a dispute over the sand and gravel rights in real property owned by the appellants, Francis Meister, Irene Meister, Michael Meister, and Thomas Meister. The Meisters sought to evict the appellee, Hallett Construction Company, from the property and also claimed damages for holding over, breach of contract, and fraud. The district court granted Hallett's summary judgment motion, ruling the Meisters' claims were barred by the applicable statutes of limitation.

The Meisters' appeal was transferred to the Iowa Court of Appeals. That court reversed the district court, holding there was a factual dispute as to when the Meisters' claims accrued. This court granted Hallett's request for further review. Upon consideration of the record and the arguments of the parties, we think the district court correctly dismissed the Meisters' fraud claim on statute-of-limitations grounds, but incorrectly ruled the remaining claims were time barred. Accordingly, we vacate the court of appeals decision, affirm in part and reverse in part the judgment of the district court, and remand this case for further proceedings consistent with this opinion.

I. *Background Facts and Proceedings.*

Because this case comes before us on a summary judgment ruling, we view the facts in a light most favorable to the Meisters, the parties opposing summary judgment. *See Crippen v. City of Cedar Rapids*, 618 N.W.2d 562, 565 (Iowa 2000).

Michael and Thomas Meister are the sons of Francis and Irene Meister. Together they own ninety acres of real estate in Sac County. In 1987, the Meisters and Hallett negotiated a lease for the sand and gravel rights to this property. A proposed ten-year lease was presented to the Meisters at a meeting in Hallett's offices on July 7, 1987. The Meisters

objected to paragraph 11 in this pre-printed form that would allow Hallett to renew the lease "for an additional period of 10 years from the date of its termination." Hallett agreed to remove this provision, and it did so by striking the number "10" with x's and typing "0" in its place. After this change, the Meisters signed two copies of the lease. They were given one copy, which Irene placed in a file at her home. The Hallett representatives took the other copy to be signed by company officers.

On August 4, 1987, a Hallett representative visited the Meisters' farm with a copy of the lease that had been signed by Hallett's officers. The representative said it was necessary for the Meisters to initial each page; so the Meisters and the Hallett representative initialed each page, with the exception of the signature page. Unknown to the Meisters, this copy of the lease contained the original provision giving Hallett an option to renew. Without any notice from Hallett that the lease again contained an option to renew, the Meisters assumed they were signing the lease as it had been modified on July 7. Irene was given a copy of the initialed lease [lease 2], and she placed it in a separate file in her home.

In 1996, the Meisters, who believed Hallett was not paying them for sand it had taken off the property, contacted an attorney about this issue and also about the termination of the lease at the conclusion of the ten-year term. After reviewing lease 2, the lawyer informed Michael Meister that the lease contained a ten-year option to renew. Although the Meisters believed they had not agreed to an option to renew, they concluded their recollection was mistaken, and so they continued to perform under the lease. On May 15, 1998, pursuant to paragraph 11 of lease 2, Hallett exercised its option to renew the lease until July 7, 2008.

Sometime in 2001, the Meisters came across the original lease signed on July 7, 1987, and realized their recollection that the renewal provision

had been eliminated was correct. Meanwhile, disagreements over payment for materials being removed by Hallett continued, and on December 18, 2002, the Meisters served Hallett with a termination of tenancy pursuant to Iowa Code section 562.4 (2001).[1] The Meisters asserted Hallett had failed to pay for materials removed from their land and demanded that Hallett vacate the premises.

Hallett then filed this action on March 18, 2003, seeking a declaratory judgment establishing its rights in the property pursuant to lease 2. In addition, Hallett sought damages based on interference with contractual relationships, oral and written defamation, and breach of implied and express covenants of the lease. The Meisters filed a counterclaim in four counts on April 3, 2003. In count I, they claimed there was no valid written contract and an at-will tenancy existed; they sought to recover the real property. In count II, the Meisters sought damages based on Hallett's alleged intentional and unlawful holding over. In count III, the Meisters claimed Hallett had failed to pay the agreed-upon rents and royalties. And in count IV, they asked for damages based on Hallett's alleged fraud in altering the lease.

Hallett moved for summary judgment on the Meisters' counterclaims, arguing they were barred by the five-year statute of limitations for fraud and unwritten contracts. *See* Iowa Code § 614.1(4). Applying the discovery rule, the district court held the undisputed facts established as a matter of law that the Meisters' claims accrued no later than 1996, when they learned the lease contained an option to renew. The court concluded that because the Meisters' claims against Hallett were filed in 2003, more than five years after they accrued, those claims were barred by the statute of limitations.

---

[1] Section 562.4 requires "thirty days' notice in writing" of a property owner's intent to terminate a tenancy at will.

Upon receiving this favorable summary judgment ruling, Hallett dismissed without prejudice its requests for declaratory relief and damages.

On the Meisters' appeal, the court of appeals held count I was governed by the ten-year statute of limitations for actions to recover possession of real property. *See id.* § 614.1(5). Noting the Meisters had not demanded that Hallett relinquish the land until December 2002, the court held there had been no showing that Hallett's occupancy of the land had been other than permissive within the ten years prior to suit being filed. Therefore, it held, the statute of limitations had not run on the claim stated in count I. Although the court of appeals agreed with the district court that the remaining claims were governed by the five-year statute of limitations, the appellate court held there had been no showing these claims accrued more than five years before suit was brought. We granted Hallett's application for further review.

II. *Scope of Review.*

We review summary judgment rulings for correction of errors of law. *Crippen*, 618 N.W.2d at 565. "To obtain a grant of summary judgment on some issue in an action, the moving party must affirmatively establish the existence of undisputed facts entitling that party to a particular result under controlling law." *Interstate Power Co. v. Ins. Co. of N. Am.*, 603 N.W.2d 751, 756 (Iowa 1999). In determining whether summary judgment is appropriate, the court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits. *Christy v. Miulli*, 692 N.W.2d 694, 699 (Iowa 2005).

III. *Fraud Claim.*

Since many of the parties' arguments rely on a resolution of the timeliness of the Meisters' fraud claim, count IV, we begin with that issue.

The parties disagree on the appropriate limitations period to apply and on when the Meisters' fraud claim accrued.

A. *Applicable statute of limitations.* The Meisters argue the ten-year statute of limitations provided for written contracts is the applicable limitations period for count IV. *See* Iowa Code § 614.1(5) (providing actions "founded on written contracts" must be brought "within ten years"). Hallett contends the five-year statute of limitations for fraud applies. *See id.* § 614.1(4) (providing actions "for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery" must be brought "within five years"). In resolving this dispute, we look beyond the label placed on the claim by the parties and instead focus on "the actual nature of the action" to determine the applicable limitations period. *Bob McKiness Excavating & Grading, Inc. v. Morton Bldgs., Inc.*, 507 N.W.2d 405, 411 (Iowa 1993); *accord Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 462 (Iowa 1984) ("It is the nature of the right sued upon and not the elements of relief requested that governs the selection of the appropriate statutory period for the basic right.").

The Meisters alleged in count IV that by reason of Hallett's "material alteration" of the lease without their knowledge or consent, "there [is] no valid contract." They further alleged that the acts of Hallett's representative were "false, deceitful and fraudulent" and the Meisters "relied upon the false and fraudulent representation" made by Hallett's representative. The Meisters sought compensatory and punitive damages.

We think the actual nature of this claim is one of fraud and not of breach of a written contract. As we have noted in the past, a claim is not founded on a written contract " 'merely because [the claim] is in some way remotely or indirectly connected with [a written] instrument or because the instrument would be a link in the chain of evidence establishing the cause

of action.' " *Matherly v. Hanson*, 359 N.W.2d 450, 455 (Iowa 1984) (citation omitted). Here, the lease is merely part of the context within which Hallett's alleged fraud occurred. The Meisters do not seek damages for breach of the written contract; they seek damages for the alleged fraudulent representation made by Hallett. Clearly the core of the claim made in count IV is fraud. Therefore, the applicable statute of limitations is the five-year period for fraud actions contained in Iowa Code section 614.1(4).

B. *Accrual of fraud claim.* The five-year limitations period of section 614.1(4) begins to run upon accrual of the claim. *See* Iowa Code § 614.1(4). "Generally, a claim accrues when 'the wrongful act produces injury to the claimant.' " *K & W Elec., Inc. v. State*, ___ N.W.2d ___, ___ (Iowa 2006) (citation omitted). The court of appeals held the Meisters were not damaged by Hallett's fraud until the option to renew was exercised in May 1998. Therefore, it reasoned, the fraud claim—filed in April 2003—was commenced within five years of its accrual.

We disagree. Although the Meisters complained only of the damage caused to them by the actual renewal of the lease, the option to renew was a contractual right claimed by Hallett since 1987 and was a burden on the property as of that date. *See Jensen v. Sheker*, 231 Iowa 240, 249, 1 N.W.2d 262, 268 (1941) (" 'The right to operate a mine and carry on the business of mining therein is property . . . . It is a right as distinct and real as the ownership of the fee itself.' " (Citation omitted.)). In fact, the applicable measure of damages is the difference in value of the Meisters' rights *at the time of transfer*, not at some later date. *See B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 285 (Iowa 1976) ("When the fraud occurs in the sale of personal property, the usual measure of that loss is the difference between the actual value of the property at the time of the transaction and the value it would have had if the representations had been

true, the loss of benefit of the bargain."); *Likes v. Baer*, 8 Iowa 368, 370 (1859) (holding true measure of plaintiff's damage is the "difference between the actual value of the land and what it would have been worth, had it answered the description given of it by the defendant"). Thus, as of the date lease 2 was signed, the Meisters' retained rights were diminished, and therefore, they sustained damage at that time. *See Gollon v. Jackson Milling Co.*, 273 N.W. 59, 61 (Wis. 1937) (holding property owner was damaged when deed granting greater rights than owner intended was delivered, not at later date when greater right was exercised by grantee). Consequently, the fraud claim accrued in 1987.

The Meisters claim that even if they were damaged in 1987, they did not discover Hallett's fraud until 2001 when they discovered their copy of the original lease. The discovery rule tolls the statute of limitations until the plaintiff has discovered " ' "the fact of the injury and its cause" ' " or by the exercise of reasonable diligence should have discovered these facts. *K & W Elec., Inc.*, ___ N.W.2d at ___ (citation omitted); *see also Nixon v. State*, 704 N.W.2d 643, 646 (Iowa 2005) (applying discovery rule to claim of fraudulent misrepresentation). Once a claimant learns information that would inform a reasonable person of the need to investigate, the claimant " 'is on inquiry notice of all facts that would have been disclosed by a reasonably diligent investigation.' " *K & W Elec., Inc.*, ___ N.W.2d at ___ (citation omitted). A claimant can be on inquiry notice without knowing "the details of the evidence by which to prove the cause of action." *Vachon v. State*, 514 N.W.2d 442, 446 (Iowa 1994).

It is undisputed the Meisters knew in 1987 they had signed a lease without the option to renew. In 1996, they learned the lease signed by all the parties contained the renewal provision to which they had objected. At that point, they had actual knowledge of their injury—their property was

arguably burdened by a lease that could be renewed for ten years—and they were clearly on inquiry notice of the cause of that injury—Hallett's alteration of the original lease. Though the Meisters may have questioned their collective memory and not realized they possessed evidence to establish Hallett's alleged fraud, they certainly had enough information in 1996 to alert them of the need to investigate. Had the Meisters exercised reasonable diligence to investigate the facts at that time, they would have discovered the original lease in their own files. Because the Meisters were on inquiry notice in 1996, they discovered their fraud claim then, and accordingly, the five-year statute of limitations began to run at that time. The district court correctly held the fraud claim asserted in this action, filed more than five years later, is time barred as a matter of law.

C. *Estoppel by fraudulent concealment.* The Meisters also claim Hallett is estopped from relying on the statute of limitations due to its fraudulent concealment of the Meisters' fraud claim. The doctrine of fraudulent concealment requires proof of "some affirmative act to conceal the . . . cause of action independent of and subsequent to the liability-producing conduct." *Christy*, 692 N.W.2d at 702. The Meisters have not pointed to any evidence of false or misleading conduct by Hallett, other than the alleged fraud itself, that dissuaded them from investigating a possible claim or that caused them to refrain from filing suit. Due to the absence of supporting evidence, their assertion of fraudulent concealment is insufficient to prevent summary judgment on the basis of the statute of limitations.

IV. *Claim to Recover Real Property.*

A. *Applicable statute of limitations.* In count I, the Meisters sought to recover their real property, alleging there was no valid written contract and an at-will tenancy existed. They contend this claim is subject to the ten-

year statute of limitations "for the recovery of real property." *See* Iowa Code § 614.1(5). Hallett argues that because fraud is the basis for the Meisters' claim there was no contract, resulting in a tenancy at will, and because the fraud claim is time barred, the Meisters' claim to recover their real property is also necessarily time barred.

Looking to the nature of the claim asserted in count I, we think the ten-year statute of limitations "for the recovery of real property" applies. *See id.* This court has said, "If the purpose and object of the action is the recovery of real property, it is entirely immaterial on what ground the relief is sought." *Tilton v. Bader*, 181 Iowa 473, 480-81, 164 N.W. 871, 874 (1917). We held in *Tilton* that "[t]he mere fact that a litigant alleges and must prove fraud in order to establish his title does not render the action other than one for the recovery of real property." *Id.* at 478, 164 N.W. at 873. In such cases, "evidence of fraud is merely incidental to the relief granted." *Id.*

That is the case here. The relief sought is the recovery of real property; evidence of fraud is simply part of the proof that no valid contract transferring an interest in the property exists. Therefore, the claim stated in count I is governed by a ten-year limitations period.

We do not agree with Hallett's contention that because an independent claim for damages based on fraud is time barred, the Meisters may not use Hallett's alleged fraud to establish that Hallett's tenancy was at will. If that were the case, any claim for recovery of real property that had some component of fraud would be unprovable after five years, a result contrary to our test for determining the applicable statute of limitations. In other words, although the Meisters cannot sue for compensatory damages resulting from Hallett's alleged alteration of the lease because the five-year statute of limitations for fraud expired before they filed their claims, they

may seek to recover possession of their property under the ten-year statute of limitations for recovery of real property, provided this claim accrued within ten years of their claim being filed in 2003.

B.  *Accrual of claim.*  The Meisters argue the statute of limitations did not commence to run on their claim to recover their property until December 18, 2002, when they terminated Hallett's permissive, at-will tenancy.  Hallett, focusing on the fraud aspects of this claim, asserts the claim accrued at the time lease 2 was executed.  We think the Meisters have the better argument.

This court has noted the doctrine of adverse possession, which requires a ten-year period of possession adverse to the owner, "is based on the ten-year statute of limitations for recovery of real property." *Carpenter v. Ruperto*, 315 N.W.2d 782, 784 (Iowa 1982).  Here, until the occupancy by Hallett became adverse rather than permissive, the Meisters had no claim for the recovery of the property: it was not being held adversely to them.  A claim clearly arose, however, when they terminated the tenancy in 2002, and Hallett refused to vacate the property.  Thus, the Meisters' claim for recovery of real property accrued on December 18, 2002.  Consequently, the present suit, filed within ten years of this date, is timely. The district court erred in granting Hallett summary judgment on count I based on the statute of limitations.

V.  *Holding-Over Claim.*

A.  *Applicable statute of limitations.*  In count II, the Meisters seek damages resulting from Hallett's holding over after termination of its tenancy.  The court of appeals concluded this claim was either "founded on [an] unwritten contract," or "not otherwise provided for," and therefore, was subject to a five-year limitations period.  Iowa Code § 614.1(4) (providing for five-year statute of limitations for claims "founded on [an] unwritten

contract" or "not otherwise provided for"). We agree the five-year statute of limitations applies, and consequently, this claim is barred if it accrued more than five years prior to this action being filed in April 2003.

B. *Accrual of claim.* The Meisters' holding-over claim is explicitly tied to their claim for recovery of real property. Hallett cannot be deemed to be holding over until there has been a demand by the Meisters to relinquish the property. The undisputed facts show the Meisters did not demand that Hallett vacate the property until 2002, within five years of the filing of this lawsuit in 2003. Therefore, the Meisters filed their holding-over claim within the statute of limitations. The district court erred in ruling to the contrary.

VI. *Claim for Unpaid Rents and Royalties.*

A. *Applicable statute of limitations.* In count III, the Meisters allege there was no valid written contract between the parties, but there was an agreement for an at-will tenancy. They further allege Hallett "agreed to pay certain sums in consideration as rentals and royalties." This claim falls within the five-year statute of limitations for those "founded on unwritten contract." *Id.*

B. *Accrual of claim.* Hallett has made no showing of undisputed facts establishing the alleged failure to pay rent and royalties occurred more than five years prior to suit being filed in 2003. *See Interstate Power Co.,* 603 N.W.2d at 756 (stating "the moving party must affirmatively establish the existence of undisputed facts entitling that party to a particular result under controlling law"). Therefore, it has failed to demonstrate this claim is barred by the statute of limitations as a matter of law. (Of course, any recovery under this count would necessarily be limited to sums payable in the five-year period preceding April 3, 2003.) The district court erred in granting summary judgment to Hallett on count III.

VII. *Summary and Disposition.*

The Meisters' fraud claim is barred by the five-year statute of limitations applicable to fraud actions and was properly dismissed by the district court. Although we affirm that aspect of the district court's judgment, we reverse the balance of its judgment dismissing the other claims filed by the Meisters. Hallett has not demonstrated these claims are barred by the governing statutes of limitations. Therefore, the district court erred in granting summary judgment to Hallett on the Meisters' claims for recovery of real property, holding over, and failure to pay rents and royalties. The case is remanded for reinstatement of these three claims and for further proceedings on them.

**DECISION OF COURT OF APPEALS VACATED. DISTRICT COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED.**