# IN THE COURT OF APPEALS OF IOWA

No. 17-1122
Filed June 20, 2018

**SHANNON DUNCAN,**
        Plaintiff-Appellant,

**vs.**

**FORD MOTOR CREDIT, REPOSSESSORS, INC.**
**and BRUCE SHORES,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Winneshiek County, Margaret L.

Lingreen, Judge.


        Plaintiff appeals the district court's grant of summary judgment to the

defendants based on the statute of limitations.  **AFFIRMED IN PART, REVERSED**

**IN PART, AND REMANDED.**

        Dennis G. Larson of Larson Law Office and Erik W. Fern of Putnam, Fern

& Thompson Law Office, P.L.L.C., Decorah, for appellant.

        Angela E. Dralle of Dorsey & Whitney, L.L.P., Des Moines, for appellee Ford

Motor Credit Company.

        Jace T. Bisgard and Dana L. Oxley of Shuttleworth & Ingersoll, P.L.C.,

Cedar Rapids, for appellees Repossessors, Inc. and Bruce Shores.


        Considered by Vogel, P.J., Doyle, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Shannon Duncan appeals the district court's grant of summary judgment to the defendants based on the statute of limitations. We affirm the district court's decision finding Duncan's claim of conversion is barred by the five-year statute of limitations in Iowa Code section 614.1(4) (2015). On Duncan's claim of civil extortion, the court erred by applying the two-year statute of limitations in section 614.1(2). Duncan's claim of civil extortion is timely under the five-year statute of limitations in section 614.1(4), and the district court improperly granted summary judgment on this issue. We remand to the district court for further proceedings on the issue of civil extortion.

## I.      Background Facts & Proceedings

On March 5, 2008, Duncan purchased a 2008 Ford Edge from Decorah Auto Center, Inc., with financing through Ford Motor Credit (FMC). She made payments from April 19, 2008, until August 19, 2010. Duncan received notice she owed $1871.94, due by November 19, 2010. Duncan stated she paid this amount in a timely fashion, but on November 19, 2010, Bruce Shores of Repossessors, Inc. took possession of the vehicle.

On November 27, 2010, Duncan received notice FMC intended to sell the Ford Edge. Duncan told FMC the vehicle had been wrongfully repossessed and demanded the return of the vehicle. Duncan paid the remainder of the loan, $22,196.28, on March 11, 2011. FMC, Repossessors, and Shores did not return the vehicle to Duncan. She stated they told her they would not return the vehicle to her unless she signed a release of liability for the wrongful taking.

Duncan was able to retrieve the vehicle on June 17, 2011, without signing a release. She found FMC, Repossessors, or Shores had retained her personal property from the vehicle. Also, the Ford Edge had been damaged and Duncan incurred expenses in repairing it.

Duncan filed a petition on December 16, 2015, against FMC, Repossessors, and Shores, raising claims of conversion and civil extortion. FMC filed a partial motion for summary judgment, claiming the conversion claim was barred by the five-year statute of limitations found in section 614.1(4). Duncan resisted the motion. The district court found the conversion occurred on November 19, 2010, when the vehicle was taken from Duncan. The court concluded Duncan's claim of conversion was barred under the statute of limitations and granted FMC's partial motion for summary judgment. The court also denied Duncan's motion pursuant to Iowa Rule of Civil Procedure 1.904(2). The court subsequently granted a request by Repossessors and Shores for partial summary judgment on this issue as well.

FMC filed a second partial motion for summary judgment, claiming Duncan's civil extortion claim was barred by the two-year statute of limitations set by section 614.1(2). Repossessors and Shores joined in the motion. Duncan resisted the partial motion for summary judgment. The district court found Duncan's action arose in June 2011, when she recovered her vehicle, and her petition, filed in December 2015, was outside the two-year statute of limitations in section 614.1(2). The court granted the defendants' motion for summary judgment on the civil extortion claim. The court denied Duncan's rule 1.904(2) motion. Duncan now appeals the district court's decisions.

## II.    Standard of Review

We review a district court decision granting summary judgment for the correction of errors of law.  *Freedom Fin. Bank v. Estate of Boesen*, 805 N.W.2d 802, 806 (Iowa 2011).  Summary judgment is appropriate only when the entire record demonstrates there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Iowa R. Civ. P. 1.981(3); *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007).  We review the evidence in the light most favorable to the nonmoving party.  *Merriam v. Farm Bureau Ins.*, 793 N.W.2d 520, 522 (Iowa 2011).

## III.    Conversion

Duncan claims the district court erred in finding her conversion claim was barred by the statute of limitations.  She states that while she was aware her Ford Edge was repossessed on November 19, 2010, she was not aware the taking was wrongful at that time.  She states she requested FMC to provide her with legal authority for taking her vehicle, and it was not until December 16, 2010, that she learned FMC had no intention to provide her with legal authority and she realized the taking was wrongful.  Duncan alleges her cause of action accrued on December 16, 2010, making her petition, filed on December 16, 2015, timely.

Duncan also points out the defendants wrongfully kept possession of her vehicle from December 16, 2010, to June 17, 2011.  She states she repeatedly demanded the return of her vehicle.  Duncan asserts there was continuous conversion during this time and under the continuous tort doctrine the defendants should be liable for continuing to retain her vehicle after December 16, 2010.

Section 614.1(4) provides a five-year statute of limitations for actions "founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud." This five-year statute of limitations applies to conversion claims. *See Rieff v. Evans*, 630 N.W.2d 278, 296 (Iowa 2001). "[A] statute of limitations sets forth the time within which an accrued claim must be asserted in court." *Albrecht v. Gen. Motors Corp.*, 648 N.W.2d 87, 90 (Iowa 2002).

In general, "a statute of limitations runs from the accrual of a cause of action." *Id.* The elements of a claim of conversion are: (1) ownership by the plaintiff or other possessory right in the plaintiff greater than that of the defendant; (2) exercise of dominion or control over property by defendant inconsistent with, and in derogation of, plaintiff's possessory rights thereto; and (3) damage to plaintiff. *In re Estate of Bearbower*, 426 N.W.2d 392, 394 n.1 (Iowa 1988).

"Conversion is defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his title or rights therein, or in derogation, exclusion or defiance of such title or rights." *Blessing v. Norwest Bank Marion, N.A.*, 429 N.W.2d 142, 144 (Iowa 1988). Because conversion is a distinct act, we conclude the continuous tort doctrine does not apply here.

We determine the district court did not err in its conclusion the conversion occurred on November 19, 2010, when the Ford Edge was taken from Duncan's possession by the defendants, in derogation of Duncan's possessory rights, causing her damages because she no longer had possession of her vehicle. "Actual possession at the time of conversion is sufficient to enable the plaintiff to maintain the action." *Welke v. City of Davenport*, 309 N.W.2d 450, 452 (Iowa

1981). Because the conversion occurred on November 19, 2010, the petition, filed on December 16, 2015, was beyond the five-year statute of limitations in section 614.1(4). We conclude the district court did not err in granting summary judgment to the defendants on this ground.

### IV.    Civil Extortion

Duncan claims the district court erred by finding civil extortion involves a personal injury so the two-year statute of limitations in section 614.1(2) applies. She asserts the court should have applied the five-year statute of limitations found in section 614.1(4), which applies to injuries to property and fraud. She states her claim involved property lost through extortion.

Under section 614.1(2) there is a two-year statute of limitations for actions "founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty." On the other hand, the five-year statute of limitations in section 614.1(4) applies to actions "founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud, . . . and all other actions not otherwise provided for in this respect."

In order to determine the appropriate limitations period for an action, we "focus on 'the actual nature of the action.'" *Hallett Constr. Co. v. Meister*, 713 N.W.2d 225, 230 (Iowa 2006) (citation omitted). "This determination turns on the nature of the right sued upon and not on the elements of relief sought for the claim." *Venard v. Winter*, 524 N.W.2d 163, 165 (Iowa 1994).

The criminal offense of extortion gives rise to a civil cause of action for extortion. *Hall v. Montgomery Ward & Co.*, 252 N.W.2d 421, 424 (Iowa 1977); *see also French v. Foods, Inc.*, 495 N.W.2d 768, 772 (Iowa 1993) ("[W]e recognized a

cause of action for violation of the extortion section . . . ."); *Zohn v. Menard, Inc.*, 598 N.W.2d 323, 329 (Iowa Ct. App. 1999) (noting Iowa had "recognized a civil cause of action for violation of the criminal extortion statute").

The criminal offense of extortion is defined in section 711.4(1), as follows:

> A person commits extortion if the person does any of the following with the purpose of obtaining for oneself or another anything of value, tangible or intangible, including labor or services:
> a. Threatens to inflict physical injury on some person, or to commit any public offense.
> b. Threatens to accuse another of a public offense.
> c. Threatens to expose any person to hatred, contempt, or ridicule.
> d. Threatens to harm the credit or business or professional reputation of any person.
> e. Threatens to take or withhold action as a public officer or employee, or to cause some public official or employee to take or withhold action.
> f. Threatens to testify or provide information or to withhold testimony or information with respect to another's legal claim or defense.
> g. Threatens to wrongfully injure the property of another.

In the petition, the issue of civil extortion is based on Duncan's claim the defendants "continued their conversion of Plaintiff, Shannon Duncan's automobile and personal property upon their requirement that she execute a Release of liability against them." Therefore, Duncan's cause of action is a claim of civil extortion based on a violation of section 711.4(1)(g), a threat "to wrongfully injure the property of another." Duncan asserts the defendants threatened to continue to hold her vehicle until she released them from liability for wrongfully taking the vehicle.

Looking at "the actual nature of the action," we conclude Duncan's civil extortion claim alleges an injury to property, and we determine the five-year statute of limitations in section 614.1(4) should be applied. *See Hallett Constr.*, 713

N.W.2d at 230.  The district court found the civil extortion claim arose in June 2011, when Duncan was able to retrieve her vehicle.  The petition, filed on December 16, 2015, is timely under the five-year statute of limitations.  We conclude the district court improperly granted summary judgment on the issue of civil extortion on the ground the claim was barred by the statute of limitations.

In the motion for summary judgment, the defendants also claimed Duncan failed to state a claim of civil extortion.  The district court denied the defendants' claims on this issue.  The elements of civil extortion are: (1) one or more of the defendants, with the purpose of obtaining for themselves or another, anything of value, threatened to wrongfully injure the property of another; (2) the threat was communicated to and directed toward plaintiff; (3) the defendants' actions were the proximate cause of plaintiff's damages; and (4) the amount of damages.  *See Becker v. Longinaker*, No. 09-0833, 2010 WL 1578400, at *9 (Iowa Ct. App. Apr. 21, 2010).  We find the district court did not err in concluding Duncan's petition adequately raised a claim of civil extortion.

We affirm the district court's decision finding Duncan's claim of conversion is barred by the five-year statute of limitations in section 614.1(4).  On Duncan's claim of civil extortion, the court erred by applying the two-year statute of limitations in section 614.1(2).  Duncan's claim of civil extortion is timely under the five-year statute of limitations in section 614.1(4), and the district court improperly granted summary judgment on this issue.  We remand to the district court for further proceedings on the issue of civil extortion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**