# IN THE COURT OF APPEALS OF IOWA

No. 23-1221
Filed December 18, 2024

**SCOTT HUNTER and STEVEN HUNTER,**
    Plaintiffs-Appellants,

**vs.**

**HUNTER THREE FARMS, LLC and HUNTER OF IOWA, INC.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Greene County, Derek Johnson, Judge.

Plaintiffs appeal the dismissal of their breach-of-contract claim. **AFFIRMED.**

Matthew J. Hemphill of Bergkamp, Hemphill & McClure, P.C., Adel, for appellants.

Adam J. Babinat and Luke M. Zahari of Redfern, Mason, Larsen & Moore, P.L.C., Cedar Falls, for appellees.

Considered by Chicchelly, P.J., Buller, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BULLER, Judge.**

Scott and Steven Hunter entered into an oral agreement with their father to take over his managerial farm duties in exchange for ten cents per bushel of grain sold. Family conflicts ended the contract, and the farm-operations businesses ceased payments and breached the oral agreement. Scott and Steven filed a breach-of-contract claim more than five years later. The district court dismissed the claim, finding the statutory limitations period had lapsed. Scott and Steven appeal, and we affirm.

## I.     Background Facts and Proceedings

Three brothers—Richard, Robert, and Gary Hunter—equally owned farming operations known as Hunter of Iowa, Inc. (HOI) and Hunter Farms.[1] Richard managed the day-to-day farming operations of these businesses from the late 1990s until 2012; his duties included buying seed and other inputs and harvesting, storing, and selling grain. In 2013, Richard grew tired of his managerial duties and sought to pass them on to two of his sons, Scott and Steven Hunter, who had worked for the farming operations for many years. Scott and Steven reached a "handshake agreement" to take over Richard's managerial duties in addition to their normal work. In exchange, Richard (on behalf of HOI and Hunter Farms) verbally agreed to pay Scott and Steven ten cents per bushel of grain harvested and sold, payable when the crop was delivered. Richard did not inform Robert and Gary of this oral agreement, and it was never reduced to writing.

---

[1] Hunter Three Farms, LLC, one of the named defendant businesses in this action, is a successor in interest to the Hunter Farms partnership. Because Hunter Farms was the active business at the time of the events leading to this lawsuit, we will refer to the business by that name.

Scott and Steven managed the farming operations without issue until early 2016. To facilitate payment under the oral agreement, Scott and Steven formed Hunter Supply, LLC (Hunter Supply). The accountant for HOI and Hunter Farms issued checks (signed by Richard) to Hunter Supply as the grain was sold. Scott and Steven never submitted any invoices to HOI or Hunter Farms for the management services performed.

In 2015, conflict among Richard, Robert, and Gary about management of the farms resulted in a lawsuit and eventual reorganization of the ownership of the farming operation and land owned by HOI and Hunter Farms. That summer, Robert and Gary terminated the farm leases between HOI and Hunter Farms, eventually renting the land to an outside operation starting in 2016. While reviewing checks from the corporate office, Robert and Gary discovered the payments made from HOI and Hunter Farms to Hunter Supply. Confused about the recipient and basis for these payments, Robert and Gary's attorney sent a letter to Richard's attorney on February 5, 2016, demanding Hunter Supply or its owners reimburse HOI and Hunter Farms with interest. The letter presumed Hunter Supply belonged to Richard or members of his family.

While helping Richard compile documents for the lawsuit about HOI and Hunter Farms later that month, Steven viewed the February 5 letter. Scott and Steven then immediately stopped performing their managerial duties and no longer had access to company information.

HOI and Hunter Farms sold bushels of grain harvested during Scott and Steven's tenure as managers in May and July 2016—without paying Hunter Supply. Because Richard, Robert, and Gary were mired in a lawsuit and in the

process of reorganizing HOI and Hunter Farms, Scott and Steven apparently believed Hunter Supply's payments were only temporarily suspended. Scott and Steven knew by September that they were owed payments, but did not submit an invoice for their payment on the sold grain or otherwise seek payment on the contract until they contacted the company accountant on November 7, 2016. On that date, Steven inquired by email into how many bushels had been sold without compensation to Hunter Supply. Within an hour of the inquiry, Scott and Steven confirmed HOI and Hunter Farms had breached their oral agreement. They took no action at that time.

On November 3, 2021—nearly five years after their email to the accountant—Scott and Steven filed suit against HOI and Hunter Farms for breach of contract, unjust enrichment, and quantum meruit, seeking reimbursement for $122,823.96. The matter was tried to the bench in May 2023. After Scott and Steven presented their case-in-chief, HOI and Hunter Farms moved to dismiss the case based on the statutes of limitations. Scott and Steven agreed the limitations period had passed on their unjust enrichment and quantum meruit claims and voluntarily dismissed them. The district court reserved ruling on the statute of limitations until after trial and dismissed the breach-of-contract claim on that basis in its written ruling. Scott and Steven appeal.

## II.     Standard of Review

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014) (citation omitted); *see also* Iowa R. App. P. 6.907 ("In all [non-equity] cases the appellate courts constitute courts for correction of errors at law.").

The parties dispute the appropriate standard of review for a motion to dismiss made during a bench trial. As the non-moving party, Scott and Steven assert we must accept as true their claim they had no reason to know they would not be paid for work already performed. HOI and Hunter Farms argue the standard of review for a motion to dismiss during trial differs from a pre-trial motion to dismiss. Instead, they assert a motion to dismiss during a bench trial is akin to a motion for a directed verdict during a jury trial, and thus we are bound by the district court's findings of fact if they are supported by substantial evidence.

We conclude our review of a motion to dismiss decided after bench trial is for correction of errors at law, as it is the equivalent of a motion for directed verdict in that circumstance. *See B&B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 281 (Iowa 1976); *see also* Iowa R. Civ. P. 1.945 (applying the same standard for "involuntary dismissal" before and after trial). We thus view the evidence in a light most favorable to the non-moving party. *See Toney v. Casey's Gen Stores, Inc.*, 460 N.W2d 849, 852 (Iowa 1990). And we only reverse if there was no substantial evidence supporting the district court's pertinent factual findings. *See Pavone v. Kirke,* 801 N.W.2d 477, 487 (Iowa 2011).

But we also observe that, even if we came out the other way on the standard-of-review question, it would not change the outcome of this appeal, as both standards of review lead us to the same place: we conclude the statute of limitations began to run no later than February 2016 when Richard received the letter demanding repayment and Steven reviewed it.

### III.    Discussion

The statute of limitations for a breach of an oral agreement is five years. Iowa Code § 614.1(4) (2016).  The limitations period begins to run "when the aggrieved party has a right to institute and maintain a suit"; but one common law exception which can toll the statute of limitations is known as the "discovery rule." *Skadburg v. Gately*, 911 N.W.2d 786, 793 (Iowa 2018).  "Under the discovery rule the statute of limitations can begin to run either when the injury is discovered or when by the exercise of reasonable diligence it should have been."  *Franzen v. Deere & Co.,* 334 N.W.2d 730, 732 (Iowa 1983).  The discovery rule has been applied "when it would be unfair to charge a plaintiff with knowledge of facts which are unknown and inherently unknowable."  *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 884 (Iowa 2020) (cleaned up).  "[W]e generally refrain from applying [the] discovery rule in breach of contract actions."  *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 303 (Iowa 2020).

A plaintiff is put on inquiry notice to start the limitations period when they learn sufficient "information that would alert a reasonable person of the need to investigate."  *Skadburg*, 911 N.W.2d at 794–95 (finding plaintiff had "inquiry notice because she knew a problem existed"); *see also Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985) ("[T]he duty to investigate does not depend on exact knowledge of the nature of the problem that caused the injury.  It is sufficient that the person be aware that a problem existed.").

The party asserting the discovery rule has the burden to prove the exception.  *Benskin*, 952 N.W.2d at 302.  "Ignorance of the plaintiff of his rights or of the facts on which his rights are based, when such ignorance is not due to

fraudulent concealment by the defendant, is not generally held to prevent the running of the statute of limitations." *Brown v. Ellison*, 304 N.W.2d 197, 201 (Iowa 1981) (cleaned up).

Scott and Steven contend the statute of limitations did not start running until they discovered on November 7, 2016, that Hunter Farms and HOI had no intention of compensating Hunter Supply for grain sold earlier that year. They argue the February 2016 letter demanding repayment did not start the clock because they were allegedly unable to access certain company information. HOI and Hunter Farms maintain the February 2016 letter placed Scott and Steven on inquiry notice and that reasonable diligence would have led to discovery of the breach, as evidenced by it only taking about an hour to confirm the details when they inquired in November. HOI and Hunter Farms argue that the latest possible date the statute of limitations started running on Scott and Steven's claim was July 2016—the last known instance HOI and Hunter Farms sold bushels harvested under Scott and Steven's management without compensating Hunter Supply.

The district court determined the February 2016 letter placed the brothers on inquiry notice and "made it clear that [Scott and Steven] would not be paid for any future or past services." We agree. Assuming without deciding the discovery rule applies, and regardless of the standard of review, the plain text of the letter made clear a problem existed that amounted to breach. *See Skadburg*, 911 N.W.2d at 794–95 (finding plaintiff had "inquiry notice because she knew a problem existed"); *Hallett Constr. Co. v. Meister*, 713 N.W.2d 225, 231 (Iowa 2006) ("Though the Meisters may have questioned their collective memory and not realized they possessed evidence to establish [the] fraud, they certainly had

enough information . . . to alert them of the need to investigate."); *Vachon v. State*, 514 N.W.2d 442, 446 (Iowa 1994) (noting a claimant may have inquiry notice without knowing "the details of the evidence by which to prove the cause of action"). And even if we were to ignore this fact, the undisputed record evidence establishes the brothers knew HOI and Hunter Farms sold bushels and did not compensate by September at the latest, which would still defeat their discovery-rule claim.

Based on these facts, and regardless of the light they are viewed in, the discovery rule does not provide Scott and Steven relief. We therefore affirm the district court's dismissal of their claims as beyond the statute of limitations.

**AFFIRMED.**